# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| KENNETH HOWARD,<br>CDCR #K-87090,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>A. HEDGPETH, Warden;<br>A. ROGERS, CFM II;<br>M. HANKINS,<br><br>　　　　　　　　　Defendants. | Civil No.   08-0859 RTB (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING EMERGENCY MOTION FOR INJUNCTIVE RELIEF [Doc. No. 6]; and**<br><br>**(2)   SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On June 19, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a)

to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on June 26, 2008 [Doc. No. 4]. Plaintiff then filed a "Emergency Motion for Injunctive Relief" on July 29, 2008 [Doc. No. 6]. On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez for all further proceedings [Doc. No. 7].

## II.

### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed an "Emergency Motion for Injunctive Relief" which the Court construes to be a motion for preliminary injunction [Doc. No. 6].

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

As a preliminary matter, Plaintiff's Motion for Injunction does not comply with Rule 65(b)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his Complaint, or his Motion have been served on any named Defendant. And while Defendants, as employees of the CDCR, may ultimately be represented by the Attorney General in this matter, there has been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his Motion or Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

As noted above, under Federal Rule of Civil Procedure 65(b), a temporary restraining order may be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that

immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Id.

Plaintiff's Motion does not comply with these elemental procedural requirements of Federal Rule of Civil Procedure 65(b). Thus, for all these reasons, the Court must **DENY** without prejudice Plaintiff's Emergency Motion for Injunctive Relief [Doc. No. 6] pursuant to FED.R.CIV.P. 65(b).[1]

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

---

[1] In addition, in this Motion Plaintiff appears to raise new claims that were not part of the original Complaint. If so, Plaintiff would likely be required to file a new action as it is unlikely that he was able to exhaust his administrative remedies with respect to the new claims prior to filing this action. *See* 42 U.S.C. § 1997e; *see also See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending)

1  324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing
2  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of
3  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection
4  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint
5  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
6  (discussing 28 U.S.C. § 1915A).

7  "[W]hen determining whether a complaint states a claim, a court must accept as true all
8  allegations of material fact and must construe those facts in the light most favorable to the
9  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
10 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
11 duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
12 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
13 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

14 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
15 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
16 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
17 United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*
18 *on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769
19 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

20     **A.**    **Eighth Amendment claims**

21 In his Complaint, Plaintiff alleges that while he was working in the kitchen of the prison,
22 he was injured while pushing a "fully loaded pallet of vegetables." (Compl. at 3.) As a result,
23 Plaintiff suffered an injury to his hand. (*Id.*) These claims, as alleged, fail to state an Eighth
24 Amendment claim. The Eighth Amendment, which prohibits "cruel and unusual punishments,"
25 imposes a duty on prison officials to provide humane conditions of confinement and to take
26 reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25,
27 31-33 (1993). However, every injury suffered by an inmate does not necessarily translate into
28 constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.

1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement a prisoner must satisfy two requirements:  one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).  Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at  347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).  The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087.  "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff's allegations fail to state an Eighth Amendment claim because they do not rise to the level of a serious safety hazard.  *See Osolinski*, 92 F.3d at 939 (finding that prisoner's injury due to faulty oven door was not sufficient to state an Eighth Amendment cruel and unusual punishment claim because Plaintiff did not plead any "exacerbating conditions" which rendered him unable to "provide for [his] own safety," i.e., that prison officials precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition); *see also Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N. D. Ill. 1979) (the existence of a greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment).  As currently pleaded, the Court finds that Plaintiff alleges no facts which are sufficient to show that the conditions of confinement were objectively and demonstrably unsafe, and further fails to allege facts which show that any of the named Defendants were actually aware and consciously

1  disregarded the risk posed. *See Helling*, 509 U.S. at 36 (exposure to demonstrably unsafe
2  conditions may violate the Eighth Amendment if the inmate can show that the risk he faced was
3  "so grave that it violates contemporary standards of decency"); *Farmer*, 511 U.S. at 828-29
4  (deliberate indifference requires a showing that specific prison officials were "subjectively aware
5  of the risk").

6  Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a
7  claim upon which § 1983 relief can be granted.

8  **B.   Respondeat Superior**

9  In his Complaint, Plaintiff names Warden Hedgpeth as a Defendant and claims Defendant
10 Hedgpeth should be held liable for his injuries because "Hedgpeth was responsible for the
11 policies, practices and overall operation at [Kern Valley State Prison]." (Compl. at 4.)
12 Accordingly, to the extent that Plaintiff is seeking hold Defendant Hedgpeth liable solely due
13 to his supervisory capacity, these claims must be dismissed. There is no respondeat superior
14 liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).
15 Instead, "[t]he inquiry into causation must be individualized and focus on the duties and
16 responsibilities of each individual defendant whose acts or omissions are alleged to have caused
17 a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo
18 v. Goode*, 423 U.S. 362, 370-71 (1976)).

19 In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each
20 individual Defendant which have a direct causal connection to the constitutional violation at
21 issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d
22 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the
23 allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which
24 show: (1) how or to what extent this supervisor personally participated in or directed
25 Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and
26 proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740,
27 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint in no way sets forth
28 facts which might be liberally construed to support an individualized constitutional claim against

1 Defendant Hedgpeth.

2 Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

### IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Emergency Motion for Injunctive Relief [Doc. No. 6] is **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b); and

(2) Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). See McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

IT IS SO ORDERED.

Dated: January 9, 2009

Hon. Roger T. Benitez
United States District Judge