# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| KENNETH HOWARD,<br>CDCR #K-87090,<br><br>                    Plaintiff,<br><br>vs.<br><br>A. HEDGPETH, Warden;<br>A. ROGERS, CFM II;<br>M. HANKINS,<br><br>                    Defendants. | Civil No.   08-0859 RTB (PCL)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On June 19, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on June 26, 2008 [Doc. No. 4]. Plaintiff then filed an "Emergency Motion for Injunctive Relief" on July 29, 2008 [Doc. No. 6]. On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez for all further proceedings [Doc. No. 7]. On January 13, 2009, this Court denied Plaintiff's "Emergency Motion for Injunctive Relief" and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Jan. 13, 2009 Order at 6-7.

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 7. On February 5, 2009, Plaintiff filed his First Amended Complaint ("FAC").

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court previously stated, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss

1  an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152
2  F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

3  "[W]hen determining whether a complaint states a claim, a court must accept as true all
4  allegations of material fact and must construe those facts in the light most favorable to the
5  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
6  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's
7  duty to liberally construe a pro se's pleadings is "particularly important in civil rights cases."
8  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

9  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
10 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
11 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
12 United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*
13 *on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769
14 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

15 Plaintiff seeks to hold Defendants liable on the grounds that his Eighth and Fourteenth
16 Amendment rights were violated when he was injured while working in the kitchen of Kern
17 Valley State Prison.  Where a particular provision of the Constitution "'provides an explicit
18 source of constitutional protection' against a particular sort of government behavior," that
19 provision must be the guide for analyzing Plaintiff's claims.  *Patel v. Penman*, 103 F.3d 868,
20 874 (9th Cir. 1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994)).  Therefore,
21 Plaintiff's claims will be analyzed under the Eighth rather than the Fourteenth Amendment.

22 In his First Amended Complaint, Plaintiff claims that he was "pushing [a] fully loaded
23 pallet of vegetables from the back [of the freezer] when out of nowhere a piece of metal ripped
24 through [Plaintiff's] hand causing severe damage."  (FAC at 3.)  These claims, once again, fail
25 to state an Eighth Amendment claim.  The Eighth Amendment, which prohibits "cruel and
26 unusual punishments," imposes a duty on prison officials to provide humane conditions of
27 confinement and to take reasonable measures to guarantee the safety of the inmates.  *Helling v.*
28 *McKinney*, 509 U.S. 25, 31-33 (1993).  However, every injury suffered by an inmate does not

necessarily translate into constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons").

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Specific to Plaintiff's claim of an injury in the prison work environment, "the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994)). Here, Plaintiff alleges that he was injured by a piece of metal that "came out of nowhere." (*See* FAC at 3.) There are no allegations that he was compelled to perform work under conditions that were demonstratively unsafe. In fact, Plaintiff allegations suggest that no one was aware of the potential for injury in moving the pallets as directed by Defendant Hankins.

Thus, the Court finds that Plaintiff does not allege facts sufficient to show that the

conditions of confinement were objectively and demonstrably unsafe, and further fails to allege facts which show that any of the named Defendants were actually aware and consciously disregarded the risk posed. *Farmer*, 511 U.S. at 828-29 (deliberate indifference requires a showing that specific prison officials were "subjectively aware of the risk"). Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED: March 3, 2009

Hon. Roger T. Benitez
United States District Judge