# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| KENNETH HOWARD, CDCR #K-87090,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>A. HEDGPETH, Warden;<br>A. ROGERS, CFM II;<br>M. HANKINS,<br><br>　　　　　　　　　　　Defendants. | Civil No.　08-0859 RTB (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 15]** |

## I.

### PROCEDURAL HISTORY

On June 19, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

The Court granted Plaintiff's Motion to Proceed *IFP* on June 26, 2008 [Doc. No. 4]. Plaintiff then filed a "Emergency Motion for Injunctive Relief" on July 29, 2008 [Doc. No. 6]. On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez for all further proceedings [Doc. No. 7]. On January 13, 2009, this Court denied Plaintiff's "Emergency Motion for Injunctive Relief" and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Jan. 13, 2009 Order at 6-7.

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 7. On February 5, 2009, Plaintiff filed his First Amended Complaint ("FAC"). After once again sua sponte screening Plaintiff's First Amended Complaint, the Court dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted. *See* Mar. 5, 2009 Order at 5. Plaintiff has since filed a "Motion for Reconsideration" [Doc. No. 15].

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

#### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[1] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED. R. CIV. P. 60(b).

initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.     Discussion**

In Plaintiff's First Amended Complaint he alleged that Defendants violated his Eighth Amendment rights when he was injured while working in the prison's kitchen. Specifically, Plaintiff claimed that he was injured by a piece of metal that "came out of nowhere." (*See* FAC at 3.) As the Court stated in its March 5, 2009 Order, "the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" (*See* Mar. 5, 2009 Order at 4; citing *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994)).

In his First Amended Complaint, Plaintiff contends that he did not see the piece of metal before it injured him but then he claims that the Defendants should be held liable because "you'd have to be blind not to see [the loose metal]." (FAC at 6.) Plaintiff states in his motion for reconsideration that what he meant to say was that the loose metal came out of nowhere because it was his first time in the freezer but even with this interpretation, these facts still contradict Plaintiff's assertion that someone would have to be "blind not to see" the defective condition. (*See* Pl.'s Mot. at 1.) *See Osolinski v. Kane*, 92 F.3d 934. 938-39 (9th Cir. 1996) (finding that prisoner's injury due to faulty oven door was not sufficient to state an Eighth Amendment cruel and unusual punishment claim because Plaintiff did not plead any "exacerbating conditions" which rendered him unable to "provide for [his] own safety," i.e., that prison officials precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition); *see also Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N. D. Ill. 1979) (the existence of a greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment).

//

//

In short, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

### III.

#### CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 15].

**IT IS SO ORDERED.**

DATED: May 4, 2009

Hon. Roger T. Benitez
United States District Judge