# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| KENNETH HOWARD,<br>CDCR #K-87090,<br><br>      Plaintiff,<br><br>vs.<br><br>A. HEDGPETH, Warden;<br>A. ROGERS, CFM II;<br>M. HANKINS; M. HOWARD;<br>W. KIRBY; R. SEMPLE,<br><br>      Defendants. | Civil No.  08-0859 RTB (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SET ASIDE AMENDED COMPLAINT [Doc. No. 17];**<br><br>**(2) DIRECTING CLERK OF COURT TO REOPEN CASE; AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT [Doc. No. 11] PURSUANT TO FED.R.CIV.P. 4(c)(3)** |

## I.

### PROCEDURAL HISTORY

On June 19, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to

1 | 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed *IFP* on June 26, 2008 [Doc. No. 4]. Plaintiff then filed a "Emergency Motion for Injunctive Relief" on July 29, 2008 [Doc. No. 6]. On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez for all further proceedings [Doc. No. 7]. On January 13, 2009, this Court denied Plaintiff's "Emergency Motion for Injunctive Relief" and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Jan. 13, 2009 Order at 6-7.

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 7. On February 5, 2009, Plaintiff filed his First Amended Complaint ("FAC"). After once again sua sponte screening Plaintiff's First Amended Complaint, the Court dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted. *See* Mar. 5, 2009 Order at 5.

Plaintiff has now filed a "Motion to Set Aside Amended Complaint" [Doc. No. 17]. It appears that Plaintiff is requesting that the Court screen his Second Amended Complaint which was lodged after the Court had already screened Plaintiff's First Amended Complaint. Because it appears that the lodged Second Amended Complaint [Doc. No. 11] fixes many of the deficiencies of pleading identified in the Court's January 13, 2009 Order, the Court will permit Plaintiff to proceed with his Second Amended Complaint. Plaintiff's "Motion to Set Aside Amended Complaint" is **GRANTED**. The Clerk of Court is directed to reopen this case and the Court will conduct a sua sponte screening of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## II.

### Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Here, the Court finds that the claims in Plaintiff's Second Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Set Aside Amended Complaint" [Doc. No. 17] is **GRANTED**. The Clerk of Court is directed to reopen this action.

2. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint [Doc. No. 11] upon Defendants and shall forward it to Plaintiff along with blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and certified copies of his Second Amended Complaint and the summons for purposes of serving each Defendant. Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal. Thereafter, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon Defendants as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

1      3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

      4. Prior to filing any motion, Counsel for Defendants shall contact the chambers of the assigned judge to obtain a hearing date and time.

DATED: May 11, 2009

_____
Hon. Roger T. Benitez
United States District Judge