UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **KENNETH L. HOWARD,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**A. HEDGPETH, et al.,**<br><br>　　　　　　　　　　　Defendants. | Case No. 08cv0859 RTB (PCL)<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE** |

The court issues the following ORDER:

A Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) shall be held on **March 2, 2010, at 10:00 a.m.**, in the chambers of Magistrate Judge Peter C. Lewis. The conference shall be telephonic. Defense counsel shall initiate the call to chambers at (760) 353-4227.

Pursuant to E. D. Civil Rule 16-270 (f)(1), both counsel and the parties who have full and unlimited authority[1] to negotiate and enter into a binding settlement shall appear by telephone at the conference and shall be prepared to discuss the claims, defenses and damages.

---

1. "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least 48 hours prior to the conference. Where the suit involves the United States or one of its agencies, only counsel for the United States with full settlement authority need appear. All conference discussions will be informal, off the record, privileged and confidential.

CASE MANAGEMENT CONFERENCE BRIEFS: Parties may, but are not required to, lodge a confidential brief prior to the Case Management Conference. Case briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, etc.) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases. In addition, each brief shall set forth the following confidential information:

(1) A brief analysis of the key issues involved in the litigation;

(2) A description of the strongest and weakest legal and factual points in the party's case;

(3) A description of the strongest and weakest legal and factual points in the opponent's case;

(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and

(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should mail, electronically mail [efile_lewis@casd.uscourts.gov], or fax the settlement briefs directly to chambers at (760) 353-9143. Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court.

Failure of any counsel or party to comply with this Order will result in the imposition of sanctions.

**IT IS SO ORDERED.**

DATE: <u>January 29, 2010</u>

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Roger T. Benitez
All Parties and Counsel of Record