UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. HOWARD,<br><br>              Plaintiff,<br><br>    v.<br><br>A. HEDGPETH, et al.,<br><br>              Defendants. | Case No. 08cv0859 RTB (PCL)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 32)** |

### INTRODUCTION

Plaintiff Kenneth L. Howard, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on June 19, 2008. (Doc. No. 1.) On April 15, 2010, Plaintiff filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. No. 32.) For the reasons set forth below, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

### DISCUSSION

There is no absolute right to appointed counsel in civil proceedings. Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court for Southern District of Iowa, 490 U.S. 296, 310 (1989); see also United States v. $ 292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Mallard, 490 U.S. at

300-301 (U.S. 1989); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. 'Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In support of his request for appointment of counsel, Plaintiff asserts the following: (1) he is unable to afford an attorney; (2) his incarcerated status will greatly limit his ability to litigate; (3) a trial in his case will likely involve conflicting testimony and counsel would enable Plaintiff to present evidence and cross-examine witnesses; (4) he has attempted but failed to secure counsel; and (5) he "fears his lack of education will prevent case from moving forward." (Doc. No. 32, Mot. 1-2.)

As to Plaintiff's first ground for appointment of counsel, the Court accepts that Plaintiff, who is proceeding in forma pauperis, is unable to afford an attorney. However, Plaintiff's ability to afford counsel is a threshold question. In order to be eligible for a judicial request for counsel under 28 U.S.C. § 1915(e)(1), a plaintiff must demonstrate both indigence and the existence of exceptional circumstances. See Terrell, 935 F.2d at 1017. In this case, Plaintiff has failed to show the latter.

With regard to the Plaintiff's second ground for requesting an appointment of counsel, Plaintiff argues that his case involves complex issues. However, Plaintiff has failed to demonstrate that his claims involve either factual or legal issues of sufficient complexity to warrant a request for counsel. See Terrell, 935 F.2d at 1017. Moreover, Plaintiff has adequately litigated his claims before this court despite his continued imprisonment. Specifically, Plaintiff claims his limited access to the prison law library has impairs his ability to litigate his claims. (Doc. No. 32, 1.) The Court notes that in addition to filing a Complaint, Plaintiff has also filed a coherent Emergency Motion for Injunctive Relief, a First Amended Complaint after his first Complaint was dismissed for failure to state a claim, and a successful Motion for Reconsideration of the dismissal of his First Amended Complaint.  (See Doc. Nos. 1; 6; 10; 15.)

1 | Plaintiff also continues to litigate his case by appearing at a Case Management Conference via
2 | telephone and submitting a confidential settlement brief to the Court. (See Doc. No. 29; Staff
3 | Note dated February 23, 2010.)  Despite this limited access, Plaintiff has demonstrated his ability
4 | to adequately and articulately litigate his claims without the assistance of judicially appointed
5 | counsel. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). "[T]he Constitution requires
6 | that certain minimum standards be met; it does not require the maximum or even optimal level
7 | of access." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (quoting Sands v. Lewis,
8 | 886 F.2d 1166, 1169 (9th Cir. 1989)) (holding that prisoner in administrative segregation's
9 | access to law books, though limited, was constitutionally adequate).

10 |         In Plaintiff's third ground, he argues that counsel would "better enable" him to present
11 | evidence and cross examine witnesses. When determining whether to request counsel on behalf
12 | of an indigent plaintiff, the relevant consideration is not one of convenience. See Knaubert v.
13 | Goldsmith, 791 F.2d 722, 729 (9th Cir. 1986) ("the additional assistance provided by attorneys,
14 | while significant, is not compelling") (italics omitted). Rather, the court must determine whether
15 | exceptional circumstances exist so as to necessitate an appointment of counsel. Although
16 | Plaintiff has demonstrated the possibility of success on the merits, this factor alone is not
17 | dispositive of whether the Court should request counsel for Plaintiff. See Terrell, 935 F.2d at
18 | 1017. The Court must also consider whether Plaintiff has the ability "to articulate his claims pro
19 | se in light of the complexity of the legal issues involved." Id. Plaintiff has demonstrated that he
20 | has the ability to set forth the factual and legal bases for his claims in a straightforward and
21 | intelligent manner with sufficient clarity to allow them to be addressed on their merits.
22 | Plaintiff's legal claims, and the factual basis for those claims in this case, are not so complex as
23 | to require the appointment of counsel. See Hedges, 32 F.3d at 1363. Accordingly, the Court finds
24 | no "exceptional circumstances" to warrant a judicial request for counsel pursuant to 28 U.S.C. §
25 | 1915(e)(1).

26 |         Finally, Plaintiff's failure to locate an attorney on his own and Plaintiff's "fear" that his
27 | lack of education will prevent his case from moving forward is not a proper factor for the Court
28 | to consider in determining whether to request counsel. If exceptional circumstances exist, then

the Court may assume the responsibility of requesting counsel for a plaintiff. 28 U.S.C. § 1915(e)(1); <u>Mallard</u>, 490 U.S. at 300-301. However, if the Court concludes that no exceptional circumstances exist so as to warrant a request for counsel, then Plaintiff is not unduly prejudiced by failing to retain an attorney on his own. See <u>Knaubert</u>, 791 F.2d at 728-729.[1]

---

1. The Court acknowledges Plaintiff's citations to <u>Tabron v. Grace</u>, 6 F.3d 147 (3rd Cir. 1993) and <u>Rayes v. Johnson</u>, 969 F.2d 700 (8th Cir. 1992) in support of his argument for court-appointed counsel.  First, <u>Tabron</u> is distinguishable from the current case in that the Court of Appeals reversed the Magistrate Judge's denial of appointment of counsel based on the improper legal standard.  In <u>Tabron</u>, the Magistrate Judge denied the Motion for Appointment of Counsel stating that no exceptional circumstances existed for such appointment but relying solely on that factor in determining that appointment of counsel was not merited.  The Third Circuit, relying on Section 1915(d), then held:
> Nothing in this clear language suggests that appointment is permissible only in some limited set of circumstances. Nor have we found any indication in the legislative history of the provision to support such a limitation. Accordingly, we conclude that the magistrate judge erred as a matter of law in stating that he had no discretion to appoint counsel in the absence of "exceptional circumstances."

<u>Tabron</u>, 6 F.3d at 155.

Simlarly, <u>Rayes</u> is distinguishable based on a completely different set of circumstances upon which counsel was denied.  In <u>Rayes</u>, the issue before the Court was simply whether the district court abused its discretion by failing to grant Rayes' requests for appointed counsel after *his first appointed attorney* had withdrawn from representation. The Court specifically noted that the district court's earlier determination that counsel was necessary raised a strong question about these later refusals to appoint counsel and therefore reversed and remanded with directions to appoint counsel and grant a new trial.

Here, Plaintiff has not demonstrated exceptional circumstances nor any of the other factors the court determines must be present to warrant appointment of counsel in civil cases.  Moreover, this is Plaintiff's first request for appointment of counsel and none has been appointed in the past. Therefore, the Court determines that Plaintiff's cited cases, while persuasive in other contexts, are not supportive of his current argument nor are they binding in this jurisdiction.

**CONCLUSION**

Based upon the foregoing, the Court finds Plaintiff has failed to demonstrate that exceptional circumstances exist so as to justify a judicial request for counsel pursuant to 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

DATED: <u>April 19, 2010</u>

_[signature]_

U.S. Magistrate Judge
United States District Court

cc:   The Honorable Roger T. Benitez
      All Parties and Counsel of Record