UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH L. HOWARD,**<br><br>                                       Plaintiff,<br><br>       v.<br><br>**A. HEDGPETH, et al.,**<br><br>                                       Defendants. | Case No. 08cv0859 RTB (PCL)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(Doc. No. 36.)** |

## INTRODUCTION

Plaintiff Kenneth L. Howard, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on June 19, 2008.  (Doc. No. 1.)  On April 15, 2010, Plaintiff filed a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).  (Doc. No. 32.)  The Court denied Plaintiff's Motion for Appointment of Counsel by Order dated April 20, 2010.  (Doc. No. 34.)  Thereafter, Plaintiff filed a Motion for Reconsideration pursuant to E.D. Cal. R. 230(j) on April 30, 2010.  (Doc. No. 36.)  Based upon the moving papers and for the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED.

*/ /*

*/ /*

*/ /*

## DISCUSSION

Under Local Civil Rule 230(j), when a party makes an application for reconsideration to the Court, that party must show

> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. Cal. R. 230(j) (2010).

Petitioner's motion for reconsideration alleges nothing new from his original motion for appointment of counsel filed April 15, 2010. As the Court explained in its Order of April 20, 2010, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

Plaintiff argues in his Motion for Reconsideration that the Court should reconsider its decision because Plaintiff is a "layman at law" and has lost contact with "someone [at the same prison] who had knowledge of the law."  As the Court explained in its decision to deny assistance of counsel, Plaintiff has failed to demonstrate that his claims involve either factual or legal issues of sufficient complexity to warrant a request for counsel.  The Court also notes Plaintiff has adequately litigated his claims before this Court despite his continued imprisonment.  To date, the Court notes that not only has Plaintiff filed the usual pleadings for a civil action, but he has also filed a coherent Emergency Motion for Injunctive Relief; a successful Motion for Reconsideration of the dismissal of his First Amended Complaint; motions for a hearing date, appointment of counsel and reconsideration of a denial; and a motion to compel production of certain discovery items.  (Doc. Nos. 6; 15; 30; 32; 36; 37.)

Moreover, Plaintiff's reminder of his lack of a legal education does not evidence a manifest error of law. Plaintiff does not introduce new evidence that would warrant reconsideration and Plaintiff does not indicate a change in controlling law that would require this court to reconsider the previous denial of appointment of counsel. Accordingly, the Court concludes that appointment of counsel is not necessary at this time and Petitioner's Motion for Reconsideration is DENIED.

DATED: June 11, 2010

_____
U.S. Magistrate Judge
United States District Court

cc:   The Honorable Roger T. Benitez
      All Parties and Counsel of Record