# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| **KENNETH L. HOWARD,** <br> **CDCR #K-87090,** <br><br>                             **Plaintiff,** <br><br>    vs. <br><br> **A. HEDGPETH,** *et al.*, <br><br>                           **Defendants.** | Civil No.    08cv00859-RTB(PCL) <br><br> **ORDER:** <br><br> **(1)  SETTING BRIEFING SCHEDULE RE MOTION FOR SUMMARY JUDGMENT; and** <br><br> **(2)  PROVIDING PLAINTIFF KLINGELE/RAND NOTICE** |

Plaintiff Kenneth L. Howard ("Howard"), a state prisoner proceeding *pro se* and *in forma pauperis* with a Second Amended Complaint pursuant to civil rights statute 42 U.S.C. §1983, alleges defendants subjected him to an unsafe work environment in the kitchen at Kern Valley State Prison with deliberate indifference to his personal safety, which resulted in an injury to his hand and severe emotional distress, in violation of his Eighth and Fourteenth Amendment rights. (Dkt No. 11-1, pp. 6-7.) He names as defendants A. Hedgpeth, Warden, and five correctional officers employed at the prison, suing each in his official and individual capacities.

On November 5, 2010, Warden Hedgpeth and four of the named correctional officers filed a Motion For Summary Judgment pursuant to Fed. R. Civ. P. ("Rule") 56. (Dkt No. 53.) Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of the case -- and the party who asked for summary judgment is entitled to judgment as a matter of law. As required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (*en banc*) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), **the Court**

**hereby notifies Howard that Defendants seek through their Motion to have this case dismissed. If the Motion is granted, it will end the case in favor of the successful moving party.**[1]

Rule 56 informs parties what they must do in order to oppose a Motion for Summary Judgment. When a party you are suing makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. **If the Court grants summary judgment for Defendants, there will be no trial, and your case will be dismissed**.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Howard may serve and File an Opposition to Defendants' Motion For Summary Judgment no later than *December 6, 2010*.

2. No later than *December 20, 2010*, Defendants may serve and file a Reply to the Opposition

3. A hearing date of January 3, 2011 was given for scheduling purposes only. Absent further Order of the Court, the Motion will be considered fully briefed upon passage of Defendants' Reply deadline and taken under submission for decision on the papers, without oral argument.

**IT IS SO ORDERED.**

DATED: November 10, 2010

Hon. Roger T. Benitez
United States District Judge

---

[1] "[T]he purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial." Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4, 1365 n.8 (9th Cir. 1986) (internal quotation omitted). A district court has an affirmative duty to ensure that a *pro se* prisoner has "fair notice of the requirements of the summary judgment rule." Klingele, 849 F.2d at 411 (quotations omitted); Rand, 154 F.3d at 957 (same). The prisoner must be alerted "that his failure to so respond might result in the entry of summary judgment against him.' " Jacobsen, 790 F.2d at 1365 n.8, *quoting* Klingele, 849 F.2d at 411.