UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. HOWARD,<br><br>                                        Plaintiff,<br><br>v.<br><br>A. HEDGPETH, et al.,<br><br>                                        Defendants. | Case No. 08cv0859 RTB (PCL)<br><br>**ORDER DENYING PLAINTIFF'S SECOND AND THIRD MOTIONS TO COMPEL DISCOVERY**<br>**(Doc. Nos. 45; 51); and**<br><br>**ORDER DENYING PLAINTIFF'S FIRST AND SECOND MOTIONS FOR SANCTIONS**<br>**(Doc. Nos. 40; 44)** |

**I.**

**INTRODUCTION**

Plaintiff Kenneth L. Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint filed February 5, 2009, against Defendants Hedgpeth, Rogers, Hankins, Kirby, Sempel and Howard for violation of Plaintiff's Eighth Amendment rights as a result of an injury suffered by Plaintiff during his service as a kitchen staff member at Kern Valley State Prison. (See Doc. No. 10.) Currently before the Court are Plaintiff's motions to compel discovery[1] and Plaintiff's Motions for Sanctions.

---

1. Plaintiff filed his second Motion to Compel Discovery on August 6, 2010 pursuant to the Court's directive of July 15, 2010. Thereafter, a briefing schedule issued pertaining only to the Motion pending at the time. However, Plaintiff filed a third Motion to Compel on September 28, 2010 to which Defendants did not file a separate opposition. The Court takes both motions under submission and accepts Defendants' Opposition to Plaintiff's Second Motion to Compel, filed August 27, 2010, as an overall Opposition to Plaintiff's motions. Plaintiff filed his Reply on September 13, 2010.

## II.

## HISTORY RELATING TO DISCOVERY

On March 8, 2010, Plaintiff served his first set of Requests for Productions of Documents on Defendants. (Doc. No. 45 at 9-11; 13-15; 17-19; 21-23.) Defendants requested an extension of time from Plaintiff on March 14, 2010 which Plaintiff granted, and formally from the Court on April 19, 2010. Defendant was then granted until May 19, 2010 to respond to the discovery requests. (Id. at 3.) On June 1, 2010, following the expiration of Defendants' May 19, 2010 deadline to respond, Plaintiff filed his first Motion to Compel Discovery seeking responses to various Interrogatories, Requests for Admissions and Requests for Production of Documents he had previously propounded. (Doc. No. 37.) Defendants did not respond to this Motion despite the Court's briefing schedule, therefore, Plaintiff's Motion was granted in its entirety on July 16, 2010. (Doc. No. 42.) Pursuant to the Court's Order, Defendants were given until July 26, 2010 to respond to Plaintiff's discovery requests. (Id.) Plaintiff received a response from Defendants on July 30, 2010, however, Plaintiff believes the responses provided to be deficient and now moves the Court for an Order compelling Defendants' responses to the requested discovery. (See Doc. Nos. 45; 51.)

## III.

## LEGAL STANDARD

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (WEST 2010). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 U.S. Dist. LEXIS 36343, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH,

2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Moreover, a defendant is required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents. Fed. R. Civ. P. 33(a), 34(a). If Defendants object to any one of Plaintiff's discovery requests, it is Plaintiff's burden in his motion to compel to demonstrate why the objection is not justified or why the response is deficient. Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified or the response is not complete.

## IV.

## DISCUSSION

**A.  Plaintiff's Second Motion to Compel Discovery**

In his first Motion, Plaintiff argues the discovery requests at issue are Requests for Production of Documents Nos. 1, 2, 7, 8, and 9 propounded to Defendants Kirby, Semple, Howard and Hankins. (Doc. No. 45 at 4.) Plaintiff's Requests for Production of Documents (RFP) were identical for all four Defendants. Likewise, Defendants' responses were identical. The Court analyzes each request in turn.

    1.    <u>Request for Production of Documents No. 1</u>

In his RFP No. 1, Plaintiff requested "post job description assignment sheet" for each defendant from August 1, 2007 through October 31, 2007. (Doc. No. 45 at 10; 14; 18; 22) Defendants responded to this request as follows:

> Respond[ent] has undertaken a diligent search for the requested item. However, responding party has no responsive documents in his possession, custody or control. The California Department of Corrections and Rehabilitation maintains post orders[.]

(Doc. No. 48 at 2.)

Plaintiff requests the Court to compel Defendants to produce documents which they have

stated they do not have in their possession or control. Moreover, Plaintiff has been made aware that the California Department of Corrections and Rehabilitation may have the documents at issue. The court is mindful that a defendant in Defendant Hedgpeth's position may have access to the documents, however, Defendant Hedgpeth was not propounded with this particular discovery request. This request was made of Defendants Hankins, Howard, Semple and Kirby whom occupied the positions of "freezer supervisor," "ACFM supervisor," "custody officer," and "sergeant in charge." It does not appear that persons in these positions may have access to internal documents. Defendants argue they have complied with Plaintiff's request and this Court agrees. Plaintiff should have sought the documents from the CDCR which is the proper custodian for documents detailing the function and order of employees within the CDCR.  The request for production of "post job description assignment sheet[s]" for each defendant from August 1, 2007 through October 31, 2007 is DENIED.

      2.     <u>Request for Production of Documents No. 2</u>

In his RFP No. 2, Plaintiff requested "any other specific documentation that governs defendant['s] assigned job duties as Storage Room "Freezer" Supervisor[2/] at (KVSP)" from August 1, 2007 through October 31, 2007. (Doc. No. 45 at 10; 14; 18; 22) Defendants responded to this request as follows: "Respond[ent] has undertaken a diligent search for the requested item. However, responding party has no responsive documents in his possession, custody or control."
(Doc. No. 48 at 2.)

Plaintiff requests the Court to compel Defendants to produce documents which they have stated they do not have in their possession or control. Here, Defendants have complied with Plaintiff's request because they cannot possibly produce any documents which they do not have.

---

2. The requests propounded to Defendant Hankins requested documents related to his position of "Storage Room Freezer Supervisor," however, the other defendants had different positions at the time. As to Defendant Howard, Plaintiff requested documents for the position of "ACFM" supervisor; as to Defendant Semple, Plaintiff requested documents for the position of "custody officer"; and as to Defendant Kirby, Plaintiff requested documents for the position of "sergeant in charge." (<u>See</u> Doc. No. 45 at 10, 14, 18, 22.)

Defendants contend they have complied with Plaintiff's request and this Court agrees. Under Rules 33(a) and 34(a), a defendant is only required to "furnish such information as is available" to him when responding to Plaintiff's discovery requests and produce any documents which are in his "possession, custody or control." FED. R. CIV. P. 33(a); 34(a). The request for production of documents pertaining to "assigned job duties" of each of the named defendants from August 1, 2007 through October 31, 2007 is DENIED.

3.   Request for Production of Documents No. 7

In his RFP No. 7, Plaintiff requested "Any department finding decisions, etc. establishing defendant's misconduct with[in] the last five years." (Doc. No. 45 at 10; 14; 18; 22) Defendants responded to this request as follows: "Respond[ent] has undertaken a diligent search for the requested item. However, responding party was not cited for misconduct relative to this incident and hence has no responsive documents in his possession, custody or control." (Doc. No. 48 at 3.)

Plaintiff requests the Court to compel Defendants to produce documents which they have stated do not exist. Defendants have fully complied with Plaintiff's request by denying any citations for misconduct. The request for production of documents pertaining to any citations of misconduct for each of the named defendants for the last five years is DENIED.

4.   Request for Production of Documents No. 8

In his RFP No. 8, Plaintiff requested "'minutes' records of proceedings of the meetings, etc. held Tuesdays and Thursdays in (KVSP) central kitchen of staff and officers [pertaining] to loose and defective metals" from October 29, 2006 to October 29, 2007. (Doc. No. 45 at 10; 14; 18; 22) Defendants responded to this request as follows: "Respond[ent] has undertaken a diligent search for the requested item. However, responding party has no responsive documents in his possession, custody or control. Responding party believes that the Central Kitchen Secretary may have responsive documents." (Doc. No. 48 at 3.)

Plaintiff requests the Court to compel Defendants to produce documents which they have stated are not within their custody or control. Under Rules 33(a) and 34(a), a defendant is only required to "furnish such information as is available" to him when responding to Plaintiff's

discovery requests and produce any documents which are in his "possession, custody or control." FED. R. CIV. P. 33(a); 34(a). Defendants have fully complied with Plaintiff's request by advising that they do not have the responsive documents and admitting that the documents may be obtained from an alternate source. Plaintiff has also not made a showing of how these documents will be used at trial in his case. Although parties are entitled to discovery of evidence reasonably calculated to lead to admissible evidence, the broad discovery provided by Rule 26(a) is not available in prisoner cases. FED. R. CIV. P. 26(a)(1)(B)(iv). Defendants bear no responsibility to procure documents outside their possession, custody or control. The request for production of "records of proceedings of the meetings" from October 29, 2006 to October 29, 2007 is DENIED.

        5.       <u>Request for Production of Documents No. 9</u>

In his RFP No. 9, Plaintiff requested "Any specific State or Federal court of California finding, decree[,] orders, etc. establishing defendant violated State or Federal rights of any inmates, staff members or visitors at (KVSP) Kern Valley State Prison within the last five years." (Doc. No. 45 at 10; 14; 18; 22) Defendants responded to this request as follows: "Respond[ent] has undertaken a diligent search for the requested item. However, responding party has no responsive documents in his possession, custody or control." (Doc. No. 48 at 4.)

Plaintiff requests the Court to compel Defendants to produce documents which they have stated they do not have. Defendants' responses appear completed to the best of their ability and Defendants have fully complied with Plaintiff's request. Although any information contained in a "finding, decree or order" of this nature would be relevant to Plaintiff's case, even if the documents were to exist, Plaintiff is requesting five years of court documents from all federal and California state courts and the requests for production are overly broad and burdensome to Defendants. Moreover, Plaintiff has access to a law library within the prison where he is currently housed and has access to the documents requested. Therefore, the request for production of documents pertaining to any "findings, decrees or orders" involving Defendants for the last five years is DENIED.

**B.      Plaintiff's Third Motion to Compel Discovery**

Plaintiff filed a third Motion to Compel Discovery on September 22, 2010.  (Doc. No 51.) Under Rule 37 of the Federal Rules of Civil Procedure, when making a motion to compel discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  FED. R. CIV. P. 37. The Court notes Plaintiff included with his Motion a "meet and confer" letter to Defendants' counsel dated September 22, 2010; the same date upon which this Motion was filed with the Court.  The Court also notes the date for completion of discovery in this case was October 1, 2010.  Thus, it appears to the Court that Plaintiff was attempting to submit his Motion to Compel just before the close of discovery. While the Court understands that Defendant Hedgpeth answered the Complaint on July 28, 2010 and was made available for discovery as of that date, Plaintiff should have requested an extension of the discovery deadline to propound discovery on this Defendant if he found it necessary.  The Court received no such request.  Therefore, the Court determines Plaintiff's third Motion to Compel Discovery is DENIED without prejudice.  Plaintiff may bring this issue to the attention of the Court following the outcome of Defendants' Motion for Summary Judgment, currently pending in this case.

**C.      Plaintiff's Motions for Sanctions**

Lastly, Plaintiff has filed two motions for sanctions in this case.  (Doc Nos. 40; 44.) Plaintiff argues Defendants' failure to comply with this Court's Orders of June 2, 2010 (Doc. No. 38) and July 16, 2010 (Doc. No. 42) has no justification and monetary damages should be assessed. (See Doc. No. 44.)

If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders. FED. R. CIV. P. 37(b)(2)(A). The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). No showing of wilfulness is required. See Lew v. Kona Hosp., 754 F.2d 1420, 1427 (9th Cir. 1985). The

court has considerable discretion in determining the amount and form of the award. <u>See</u> <u>General Signal Corp. v. Donallco, Inc.</u>, 787 F.2d 1376, 1380 (9th Cir. 1986). Fees to pro se litigants are awardable under the courts inherent power. "Failure to do so would place a pro se litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct." <u>Pickholtz v. Rainbow Technologies, Inc.</u>, 284 F.3d 1365, 1377 (Fed. Cir. 2002).

Here, the Court determines Defendants have complied with the Court's Order of June 2, 2010 (Doc. No. 38) by filing a Statement of Non-Opposition to Plaintiff's First Motion to Compel on July 14, 2010. (Doc. No. 41.) Thereafter, Defendants also complied with this Court's Order Granting Plaintiff's First Motion to Compel Discovery (Doc. No. 42) by providing discovery responses to Plaintiff on July 30, 2010. (<u>See</u> Doc. No. 45, 3.) The fact that Plaintiff is dissatisfied with Defendants' responses is not enough to impose sanctions in this case. Moreover, Plaintiff makes no argument that he was prejudiced or harmed in this litigation by Defendants failure to provide responses other than "Defendant's failure to comply has no justification." (Doc. No. 44 at 2.) As a last consideration, Plaintiff has also not presented to the court any fees or costs incurred as a result of Defendants' alleged failure to provide discovery responses.

Therefore, Plaintiff's first and second motions for sanctions are DENIED.

## V.
## CONCLUSION

Accordingly, Plaintiff's First Motion to Compel is DENIED in its entirety; Plaintiff's Second Motion to Compel is DENIED; Plaintiff's First Motion for Sanctions is DENIED; and Plaintiff's Second Motion for Sanctions is DENIED.

DATED: <u>December 20, 2010</u>

_____
U.S. Magistrate Judge
United States District Court

cc:   The Honorable Roger T. Benitez
     All Parties and Counsel of Record